

**RECEIVED** MCP

3/29/2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**MR**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Timothy Jackson

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Margaret M. O'Connell

(Enter above the full name of ALL
defendants in this action. <u>Do not
use "et al."</u>)

**1:24-cv-02565**
**Judge Sara L. Ellis**
**Magistrate Judge Weisman**
**RANDOM/ CAT 3**
**PC 8**

Case No:_____
(To be supplied by the <u>Clerk of this Court</u>)

CHECK ONE ONLY:

____X____ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A.    Name: Timothy Jackson

    B.    List all aliases: _____

    C.    Prisoner identification number: 00236244

    D.    Place of present confinement: DuPage County Jail

    E.    Address: 501 N County Farm rd Wheaton IL, 60187

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Margaret M. O'Connell

          Title: Honorable 18th Judicial Circuit Judge

          Place of Employment: DuPage County Courthouse

    B.    Defendant: _____

          Title: _____

          Place of Employment: _____

    C.    Defendant: _____

          Title: _____

          Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number: _____

_____

B.  Approximate date of filing lawsuit: _____

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.  List all defendants: _____

_____

_____

_____

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.  Name of judge to whom case was assigned: _____

_____

G.  Basic claim made:_____

_____

_____

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

_____

_____

I.  Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

The Honorable Judge Margaret M. O'Connell Courtroom 4010 at the DuPage County Courthouse Pertaining to case number 20CF76

1) On Aug 15 2022 opting to present myself pro se unequivocally before the court, O'connell denied me that right. (Transcript and court order attached)

2) On Oct 13 2023 O'connell first failing to Krankel before a hearing for ineffective assistance of counsel subsequently denied for the reasons stated in the order attached, thereafter appointed conflict of interest counsel Dec 5, 2023 which was contrary as to why the motion for ineffective assistance of counsel was denied. On Dec 14 2023 regarding the same situation

4

O'Connell asked Head Public Defender Jefferey R. York to help her with the procedural error caused by her judicial misconduct.
( Transcript of Dec 5 & 14 along with court orders including Oct 13 2023 court order)

3) On Jan 9 2024 opting to once again present myself pro se unequivocally before the court pertaining to a pretrial release motion, O'Connell denied me that right ( Transcript and order attached)

Revised 9/2007

**V.  Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

The bond on this matter was $750,000⁰⁰ with 10% to apply. In my pursuit of fairness I would be demanding $50,000⁰⁰ per violation/infraction documented in this complaint and/or case number 20CF76 dismissed entirely as my relief sought.

**VI.  The plaintiff demands that the case be tried by a jury.**  ☐ YES  ☒ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ____5____ day of ____3____, 20 24

_____
(Signature of plaintiff or plaintiffs)

_____Timothy Jackson_____
(Print name)

_____00236244_____
(I.D. Number)

_____501 N County Farm rd_____
_____Wheaton IL, 60187_____
(Address)

6

CRIMINAL ORDER                                                    2020CF000076-551

**STATE OF ILLINOIS**            UNITED STATES OF AMERICA            **COUNTY OF DU PAGE**
                    IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

                                    2020CF000076

                    VS

                                    CASE NUMBER

TIMOTHY JACKSON

# FILED

**22 Aug 15  AM 10: 41**

*Candice Adams*

**CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS**

File Stamp Here

## ORDER

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED,** based on the       AGREED       motion:

DEFENDANT PRESENT IN OPEN COURT IN CUSTODY OF THE DUPAGE COUNTY JAIL. DEFENDANT PREVIOUSLY INDICATED HE WISHED TO PROCEED PRO SE.

THE COURT ADMONISHES THE DEFENDANT REGARDING PRO SE. COURT COMPLETES AN INQUIRY AS TO THE DEFENDANT PROCEEDING PRO SE. AFTER THE INQUIRY, THE COURT DOES NOT PERMIT THE DEFENDANT TO PROCEED PRO SE FOR THE REASONS STATED ON THE RECORD. THE PUBLIC DEFENDER IS APPOINTED.

CASE IS CONTINUED TO 10/05/2022 AT 10:00 AM IN COURTROOM 4010 FOR STATUS SPEEDY TRIAL TOLLED (CODE 2455)

Submitted by: ALYSSA RABULINSKI

DuPage Attorney Number 50149

Attorney for PEOPLE OF THE STATE OF ILLINOIS .

503 N COUNTY FARM RD

WHEATON, IL, 60187

(630) 407-8000

File Date : 08/15/2022

**JUDGE MARGARET M OCONNELL**
Validation ID : DP-08152022-1032-2377

Date : _____08/15/2022_____

CANDICE ADAMS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©      Page : 1 of 1
WHEATON, ILLINOIS 60187-0707

Visit http://www.i2file.net/dv to validate this document. Validation ID: DP-08152022-1032-2377

```
 1         IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
                      DU PAGE COUNTY, ILLINOIS
 2                                           ┌─────┐
                                             │     │  ORIGINAL
 3   THE PEOPLE OF THE STATE OF   )
     ILLINOIS,                    )
 4                                )  No. 18 CF 1077
              Plaintiff,          )      20 CF 76
 5                                )      20 CF 106
        -vs-                      )      21 CF 1888
 6                                )
     TIMOTHY JACKSON,             )  STATUS
 7                                )
              Defendant.          )
 8

 9                  REPORT OF PROCEEDINGS had in the matter

10   of the above-entitled cause, before the HONORABLE

11   MARGARET M. O'CONNELL, Judge of said court, on the 15th

12   day of August, 2022.

13   PRESENT:

14        MR. ROBERT B. BERLIN,
          State's Attorney of DuPage County, by
15
               MS. ALYSSA RABULINSKI,
16             Assistant State's Attorney,

17             .appeared on behalf of The People of the
               State of Illinois;
18
          MR. MICHAEL SWEENEY,
19        Assistant Public Defender of DuPage County

20             appeared on behalf of Timothy Jackson,
               Defendant.
21
          ALSO PRESENT:  The Defendant
22

23   Peggy Cuda, CSR
     Official Court Reporter
24   CSR 084-002818
```

1    THE CLERK:  Timothy Jackson, four cases, inmate.

2    MS. RABULINSKI:  Good morning, Judge.  Alyssa

3 Rabulinski for the People.

4    THE COURT:  Good morning.

5         Good morning, Mr. Jackson.

6    THE DEFENDANT:  Good morning.

7    THE COURT:  All right.  Mr. Jackson, when we last

8 spoke, you had said that you wanted to proceed pro se.

9 Do you maintain that position?

10    THE DEFENDANT:  Yes, ma'am.

11    THE COURT:  All right.  So I have to make an

12 inquiry at this point pursuant to *People versus Ward* as

13 to whether or not you have the requisite capacity to

14 make an intelligent and knowing waiver of your right to

15 counsel.

16         So how old are you?

17    THE DEFENDANT:  I'm 30.

18    THE COURT:  How far did you go in school?

19    THE DEFENDANT:  I graduated.

20    THE COURT:  Graduated?

21    THE DEFENDANT:  High school.

22    THE COURT:  High school?

23    THE DEFENDANT:  Yes.

24    THE COURT:  When did you graduate from

1   high school?

2          THE DEFENDANT:  2011.

3          THE COURT:  And have you pursued any additional

4   degrees or trade school?

5          THE DEFENDANT:  No, ma'am.

6          THE COURT:  All right.  And have you had any prior

7   involvement in any legal proceedings?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Presenting a defense --

10              Well, first off, on these cases,

11  Miss Rabulinski, what is the complete range?

12         MS. RABULINSKI:  Yes, Your Honor.  Your Honor,

13  first off, for the 21 CF 1888, the most serious offense

14  is the armed violence, which has a mandatory minimum of

15  15 years in the Department of Corrections with a

16  maximum of 30.

17              Your Honor, on the 20 CF 76, the most serious

18  charge on that is also gonna be an armed violence,

19  which has the minimum of 15 years.  And, Judge, that

20  case, that 15 years is statutorily consecutive to the

21  21 CF 1888.  So the bare minimum there is the defendant

22  if found guilty of both the armed violences would be

23  facing a mandatory minimum of 30 years.

24              Your Honor, 20 CF 106 is a disorderly

1    conduct.  That's a Class 4.  It's probationable.  The

2    defendant is extended term eligible.  Judge, that case

3    is concurrent to 20 CF 76 but is consecutive to

4    21 CF 1888.

5              And then, Judge, the 2018 case is just a

6    pending petition to revoke on a Class 2 escape matter.

7         THE COURT:  So he's looking at 15 plus 15 plus

8    three -- well, 15 plus 15 for sure.

9         MS. RABULINSKI:  Correct.

10        THE COURT:  30.  Plus a potential of three.  Plus

11   a potential of an additional three.

12        MS. RABULINSKI:  So --

13        THE COURT:  For the escape?  Is the escape

14   consecutive or concurrent?

15        MS. RABULINSKI:  Judge, he was on probation for

16   the escape when he committed all the offenses.  So

17   technically that would be different.  If he was

18   resentenced on that, Judge, it looks like he was not

19   extended term eligible on the escape and he got a

20   certain amount of time.  So that potentially would be

21   credited out.

22             But with the disorderly conduct, because

23   that's consecutive to the 21 CF 1888, that has -- like

24   I said, he could get probation.  But otherwise, he

1    would be one to six on the disorderly conduct.

2        THE COURT:  Okay.

3        MS. RABULINSKI:  If sentenced to prison.

4        THE COURT:  Okay.  So the range of penalties here

5    goes from a minimum of 30 years to a maximum of

6    61 years.  Do you understand that?

7        THE DEFENDANT:  Yes, ma'am.

8        THE COURT:  All right.  And do you understand that

9    presenting a defense is not simply a matter of telling

10   your story but requires adherence to the technical

11   rules governing the administration of justice and also

12   the rules of evidence?

13       THE DEFENDANT:  Yes, ma'am.

14       THE COURT:  Are you familiar with the rules of

15   evidence?

16       THE DEFENDANT:  Yes, ma'am.

17       THE COURT:  How so?

18       THE DEFENDANT:  The law library and the tablet

19   that they give us.

20       THE COURT:  Okay.

21       THE DEFENDANT:  And I study.

22       THE COURT:  And what?

23       THE DEFENDANT:  I study in the law library and on

24   the tablet.

1    THE COURT:  Okay.  You understand that someone in

2    your position unfamiliar with legal procedures may

3    allow the prosecution to take -- may allow the

4    prosecution an advantage by failing to make objections

5    to inadmissible evidence, may not make effective use of

6    such rights such as voir dire during jury selection,

7    and may make tactical decisions that produce unintended

8    consequences.  Do you understand that?

9        THE DEFENDANT:  Yes, ma'am.

10        THE COURT:  Proceeding pro se will not be

11    allowed -- If I allow you to do this, you can't use

12    that as a reason when you file an appeal.  Do you

13    understand that?

14        THE DEFENDANT:  Yes, ma'am.

15        THE COURT:  And you will receive no special

16    consideration from this Court if you proceed pro se.

17    Do you understand that?

18        THE DEFENDANT:  Yes, ma'am.

19        THE COURT:  You won't receive any extra time for

20    preparedness or any greater time in the library.  Do

21    you understand that?

22        THE DEFENDANT:  Yes, ma'am.

23        THE COURT:  A lawyer can render important

24    assistance by determining the existence of possible

1    defenses to the charges, by possibly engaging in plea

2    negotiations to get a reduced or lesser penalty, and by

3    presenting the Court with matters that may lead to a

4    lesser sentence.  Do you understand that?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  And you understand you can't engage in

7    plea negotiations.  Do you understand that?

8          THE DEFENDANT:  Yes, ma'am.

9          THE COURT:  All right.  I -- Why is it that you

10   want to represent yourself?

11         THE DEFENDANT:  No certain reason at all.

12         THE COURT:  What?

13         THE DEFENDANT:  No certain reason at all.

14         THE COURT:  No reason?

15            Have you had the Public Defender appointed?

16         THE DEFENDANT:  No, ma'am.

17         THE COURT:  All right.  I'm not gonna -- You've

18   got too much at risk here.  I can't -- I cannot in good

19   conscience allow you to waive your right to counsel.

20   The fact that you have a high school education and you

21   have been in the law library a couple of times just

22   isn't sufficient for you to have the background

23   necessary to be effective in these legal proceedings.

24   You're looking at a minimum of 30 years in jail, in

1    prison.  I just don't feel as if you're up to that

2    task.  So I am going to appoint the Public Defender to

3    represent you on all four of these matters.

4           MR. SWEENEY:  Michael Sweeney for the record.

5           THE COURT:  All right.  So, Mr. Jackson, you're

6    gonna have to work with Mr. Sweeney on these cases in

7    order to -- for him to help you with the defense on

8    these.

9           Mr. Sweeney, how long will it take for you

10    to -- Well, you've got your busy time coming up.  So

11    what type of a date would you be looking for on each of

12    these cases or all of them?

13           MR. SWEENEY:  Judge, I had previously represented

14    him on the matters.  If we could go to --

15           THE COURT:  Oh, so you did have the Public

16    Defender before.

17           THE DEFENDANT:  Not on CF 188 [sic].  Just the

18    other armed violence.

19           THE COURT:  Okay.

20           MS. RABULINSKI:  That's correct, Judge.

21           THE DEFENDANT:  CF 76.

22           MS. RABULINSKI:  That would be correct, Judge.  He

23    previously had Mr. Sweeney's services on 20 CF 76 and

24    20 CF 106.

1    THE COURT:  And then you went to a private

2  attorney.

3    MS. RABULINSKI:  Correct.

4    THE DEFENDANT:  Yes.

5    THE COURT:  All right.  So now you're gonna go

6  back to the Public Defender.  You just -- I can't let

7  you do it in good conscience.  You've got a lot on the

8  line here.

9    THE DEFENDANT:  I understand.  I'm fully aware.

10    THE COURT:  Okay.  Are you okay with my decision?

11    THE DEFENDANT:  Not really.

12    THE COURT:  Okay.  Why not?

13    THE DEFENDANT:  I mean, it's your decision.  I

14  mean, I can't --

15    THE COURT:  Mr. Sweeney is a member of the largest

16  criminal defense firm here in the County.

17    THE DEFENDANT:  I understand that.

18    THE COURT:  He has resources available to him that

19  you just don't have.  And I have a lot of faith in

20  Mr. Sweeney and his ability to communicate with you and

21  give you the resources that you need and the resources

22  that you deserve.

23    All right.  Mr. Sweeney, give me a date.

24    MR. SWEENEY:  Judge, can we go to 10-5 for now?

1    THE COURT:  Sure.  Does that work with you,

2  Miss Rabulinski?

3    MS. RABULINSKI:  It does, Judge.

4    THE COURT:  All right.  10-5 on all of these

5  cases.

6    MS. RABULINSKI:  And then, Your Honor, on the

7  21 CF 1888, if the protective order can please continue

8  to be entered.

9    THE COURT:  It shall.

10    MS. RABULINSKI:  Thank you, Judge.

11    THE COURT:  All right.  Thank you.

12    MR. SWEENEY:  Thank you.

13    THE COURT:  All right.  Sorry, Mr. Jackson.

14        (Which were all of the proceedings had

15        in the above-entitled matter.)

16

17

18

19

20

21

22

23

24

```
 1        IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT

 2                    DU PAGE COUNTY, ILLINOIS

 3

.4

 5            I, PEGGY CUDA, do hereby certify that the

 6     foreoing Report of Proceedings, consisting of Pages 1

 7     to 11, inclusive, was reported in shorthand by me, and

 8     the said Report of Proceedings is a true, correct and

 9     complete transcript of my shorthand notes so taken at

10     the time and place hereinabove set forth.

11

12

13

14

15                    Official Court Reporter
                 Eighteenth Judicial Circuit of Illinois
16                         DuPage County
                   C.S.R. License No. 084-002818
17

18

19

20

21

22

23

24
```

Peggy Cuda, CSR, RDR, CRR #084-002818

CRIMINAL ORDER                                                              2020CF000076-746

| STATE OF ILLINOIS | UNITED STATES OF AMERICA<br>IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | COUNTY OF DU PAGE |

PEOPLE OF THE STATE OF ILLINOIS

VS

TIMOTHY JACKSON

2020CF000076

CASE NUMBER

# FILED

**23 Oct 13   AM 10: 27**

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

File Stamp Here

## ORDER

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED,** based on the   DEFENDANT'S   motion:

DEFENDANT PRESENT IN OPEN COURT, PRO SE, IN THE CUSTODY OF THE SHERIFF.

MODIFIED KRANKEL HEARING CONDUCTED BY THE COURT ON DEFENDANT'S PETITION ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL. CASE IS NOT POST-JUDGMENT. COURT CONDUCTS AN INQUIRY INTO DEFENDANT'S POSITION. COURT CONDUCTS AN INQUIRY OF PUBLIC DEFENDER SWEENEY REGARDING DEFENDANT'S CLAIMS.

FOLLOWING HEARING, COURT FINDS AS FOLLOWS:

1. THAT NO CLAIM OF CONFLICT OF INTEREST EXISTS.

2. THAT THERE WAS NOT A COMPLETE DEPRAVATION OF COUNSEL.

3. COURT FINDS THAT THERE WAS NOT INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT PETITION IS DENIED.

CASE IS CONTINUED TO 11/17/2023 AT 09:30 AM IN COURTROOM 4010 FOR ATTORNEY SPEEDY TRIAL TOLLED (CODE 2455)

Submitted by: ADAM FRAHM

DuPage Attorney Number 50143

Attorney for PEOPLE OF THE STATE OF ILLINOIS

503 N COUNTY FARM RD

WHEATON, IL, 60187

(630) 407-8000

File Date : 10/13/2023

JUDGE MARGARET M OCONNELL
Validation ID : DP-10132023-1027-30303

Date : _____ 10/13/2023 _____

CANDICE ADAMS, CLERK OF THE 18TH JUDICIAL CIRCUIT COURT ©       Page : 1 of 1
WHEATON, ILLINOIS 60187-0707

Visit http://www.i2file.net/dv to validate this document. Validation ID: DP-10132023-1027-30303

CRIMINAL ORDER                                                           2020CF000076-787

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

vs

TIMOTHY JACKSON

2020CF000076

CASE NUMBER

**FILED**

23 Dec 05   AM 11: 42

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED,** based on the   DEFENDANT'S   motion:

```
DEFENDANT PRESENT IN OPEN COURT IN CUSTODY OF THE SHERIFF AND WITH APPOINTED CONFLICT
COUNSEL. CONFLICT COUNSEL RAISES ISSUE ABOUT WHETHER IT IS A CONFLICT CASES. MATTER
IS HELD OVER FOR STATUS.

CASE IS CONTINUED TO 12/06/2023 AT 09:30 AM IN COURTROOM 4010 FOR STATUS
SPEEDY TRIAL TOLLED (CODE 2455)
```

Submitted by: KRISTIN SULLIVAN

DuPage Attorney Number 50073

Attorney for PEOPLE OF THE STATE OF ILLINOIS

503 N COUNTY FARM RD

WHEATON, IL, 60187

(630) 407-8000

Email: saogangs@dupageco.org

File Date : 12/05/2023

JUDGE MARGARET M OCONNELL
Validation ID : DP-12052023-1142-0687

Date : _____ 12/05/2023

```
1        IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
                  DU PAGE COUNTY, ILLINOIS
2

3
        THE PEOPLE OF THE           )
4       STATE OF ILLINOIS,          )
                                    )
5            Plaintiff,             )
                                    )    No. 20 CF 76
6              -vs-                 )
                                    )
7       TIMOTHY JACKSON,            )
                                    )
8            Defendant.             )

9

10            REPORT OF PROCEEDINGS had at the HEARING of

11      the above-entitled cause, before the HONORABLE MARGARET

12      O'CONNELL, on the 5th day of DECEMBER A.D., 2023.

13      PRESENT:

14            MR. ROBERT B. BERLIN,
              State's Attorney of DuPage County, by
15                MS. KRISTIN SULLIVAN,
                  Assistant State's Attorney,
16
                  appeared on behalf of The People of the
17                State of Illinois;

18
        ALSO PRESENT:
19
        William Worobec
20

21

22

23      Trina M. De La Cerda, CSR
        Official Court Reporter
24      CSR 084-003968
```

1    THE CLERK:  Timothy Jackson, four cases, inmate.

2    MS. SULLIVAN:  Kristin Sullivan on behalf of the

3    People.

4    THE COURT:  Good morning, Mr. Worobec.

5    MR. WOROBEC:  Judge, for the record, Bill Worobec,

6    W-o-r-o-b-e-c.  I'm here pursuant to an E-mail that

7    Dana from your office had sent to me.  I saw it

8    Thursday or Friday of last week.

9    THE COURT:  Mr. Jackson, as I told you, I would be

01:10PM 10   appointing an attorney to assist you.

11   MR. WOROBEC:  Judge, can I address that before we

12   go further?

13   THE COURT:  Sure.

14   MR. WOROBEC:  Bear with me.  I'm going to try and

15   pick and choose my words carefully here.  You've known

16   me a long time.  You know I don't shy away from work.

17   But after speaking with the public defender on this

18   case, I'm not sure that this one fits under my

19   contract.

01:10PM 20   THE COURT:  I have already spoken to the chief

21   judge's office and it does.

22   MR. WOROBEC:  The contract is for any cases where

23   the public defender has a conflict of interest.

24   THE COURT:  And they would.

```
 1        MR. WOROBEC:  Okay.  The reason I brought it up is
 2   because I was told that they don't.
 3        THE COURT:  Okay. No.  Mr. Jackson has -- we
 4   already did a Kladis hearing as it relates to Mr.
 5   Sweeney and his performance, and I do have letters from
 6   Mr. Jackson, and he does not want another public
 7   defender to be appointed.
 8             What, Mr. Jackson?
 9        DEFENDANT JACKSON: Letters --
10        MS. SULLIVAN:  Your Honor, if I could just correct
11   something.  You said Kladis hearing.  It's actually
12   Krankel hearing.
13        THE COURT: Did I say Kladis?
14        MS. SULLIVAN: You said Kladis.
15        THE COURT: I meant Krankel hearing.
16        DEFENDANT JACKSON: I didn't have a Krankel
17   hearing.
18        THE COURT:  No.  We did do a Krankel hearing.  We
19   did when you complained about Mr. Sweeney.
20        DEFENDANT JACKSON: It was an inquiry to beat
21   Krankel.
22        MS. SULLIVAN:  It was the first date it was a
23   Krankel inquiry essentially.
24        THE COURT:  Yes.  We've already done that.
```

1    DEFENDANT JACKSON: At the inquiry, you said there

2    was no conflict of interest.

3    THE COURT:  Right.  No, I said that there was --

4    you had -- one of the things that you had alleged was

5    that there was a conflict of interest and that there

6    was ineffective assistance of counsel as it relates to

7    Mr. Sweeney.  I found both of those things to not have

8    been accurate.

9    So, Mr. Worobec, have you had an opportunity

01:12PM 10    to speak to Mr. Jackson?

11    MR. WOROBEC:  No.  And now I'm confused.  There is

12    or there isn't a conflict?

13    THE COURT:  There was no conflict between the

14    representation of Mr. Sweeney and Mr. Jackson.  But Mr.

15    Jackson has also filed a lengthy petition alleging

16    ineffective assistance of counsel as it relates to Mr.

17    Sweeney.  And we haven't even gotten -- we've only done

18    one motion in this case, on one of the cases.

19    So, Mr. Jackson, do you have a private

01:12PM 20    attorney of your choosing?

21    DEFENDANT JACKSON: No, I do not, because you said,

22    what you said which was putting a public defender, a

23    conflict attorney, on my case that I did not -- what

24    would be the word?

1    THE COURT:  Well, here is your conflict attorney.
2    This is Mr. Worobec.
3    DEFENDANT JACKSON: I did not ask for a conflict
4    attorney. It was sprung upon me.
5    THE COURT:  Correct.  So Mr. Worobec will be your
6    attorney.
7    DEFENDANT JACKSON: If there was a conflict of
8    interest.  But correct me if I'm wrong --
9    THE COURT: Mr. Jackson, please, please, please,
01:13PM 10    understand.  I don't know what your end game is here.
11    You don't want any public defender.  You don't want --
12    I don't know what it is you want.  You don't want to
13    represent yourself.  So I have to give you a lawyer.
14    You're literally just sitting in jail.  I can't have
15    that.
16    DEFENDANT JACKSON: Can I have a couple minutes to
17    speak with Mr. Worobec?
18    THE COURT:  Sure.
19                              (Whereupon the case was
01:23PM 20                              passed and recalled.)
21    THE CLERK: Timothy Jackson, inmate, recall.
22    MS. SULLIVAN:  Kristin Sullivan on behalf of the
23    People.
24    THE COURT:  Good morning, again.

1          MR. WOROBEC:  Once again, Bill Worobec, for the

2      record.  Judge, I've spoken to Mr. Jackson.  We're

3      asking to hold this until tomorrow morning.  Both he

4      and I need to check into a few things.

5          THE COURT:  We'll see everybody tomorrow morning.

6          MR. WOROBEC:  What time?

7          THE COURT:  9:30.

8          MR. WOROBEC:  Thank you.

1        IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT

2             DU PAGE COUNTY, ILLINOIS

3

4

5        I, TRINA M. DE LA CERDA, do hereby certify

6  that the foregoing Report of Proceedings, consisting of

7  Pages 1 to 6, inclusive, was reported in shorthand by

8  me, and the said Report of Proceedings is a true,

9  correct and complete transcript of my shorthand notes

10  so taken at the time and place hereinabove set forth.

11

12

13

14                   _____

15                 Official Court Reporter
16       Eighteenth Judicial Circuit of Illinois
                   DuPage County
17         C.S.R. License No. 084-003968

18

19

20

21

22

23

24

CRIMINAL ORDER

2020CF000076-811

**STATE OF ILLINOIS**
UNITED STATES OF AMERICA
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
**COUNTY OF DU PAGE**

PEOPLE OF THE STATE OF ILLINOIS

vs

TIMOTHY JACKSON

2020CF000076

CASE NUMBER

**FILED**

**23 Dec 14   AM 11: 09**

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED,** based on the   DEFENDANT'S   motion:

DEFENDANT PRESENT IN OPEN COURT IN CUSTODY OF THE SHERIFF AND WITH APPOINTED COUNSEL.
DUE TO COUNSEL HAVING A CONFLICT ON THE MATTER HE IS GRANTED LEAVE TO WITHDRAW AND
IS NO LONGER ON THE CASE.

PD IS REAPPOINTED AND PUBLIC DEFENDER YORK STEPS UP. COURT REQUESTS THAT THE PUBLIC
DEFENDERS OFFICE APPOINT ANOTHER ASSISTANT PUBLIC DEFENDER AND NOT MICHAEL SWEENEY.
PUBLIC DEFENDER YORK INDICATES HE WILL NOT BUILD A CHINESE WALL AND APPOINT A
DIFFERENT PUBLIC DEFENDER. THE COURT INDICATES THAT SHE WILL NOT APPOINT ASSISTANT
PUBLIC DEFENDER MICHAEL SWEENEY.  DEFENDANT INDICATES HE WOULD LIKE TIME TO HIRE A
PRIVATE ATTORNEY.

DEFENDANT'S MOTIONS TO ADDRESS BOND UNDER THE SAFE-T ACT ARE ADDRESSED BY THE STATE
AS THEY WERE REFILED AFTER THE DATE THE DEFENDANT PREVIOUS WITHDREW SAID MOTIONS.
THE DEFENDANT INDICATES THAT HE ONCE AGAIN WISHES THAT THEY BE WITHDRAWN AND DOES NOT
WITH TO BE HEARD ON THAT MATTER AT THIS TIME.  STATE'S PETITIONS TO DETAIN FILED IN
RESPONSE ARE HEREBY STRICKEN AND THERE ARE NO PETITIONS OR MOTIONS PENDING AT THIS
TIME.

MATTER IS CONTINUED FOR DEFENDANT TO ACQUIRE PRIVATE COUNSEL.

CASE IS CONTINUED TO 02/29/2024 AT 09:30 AM IN COURTROOM 4010 FOR ATTORNEY

Submitted by: KRISTIN SULLIVAN

DuPage Attorney Number 50073

Attorney for PEOPLE OF THE STATE OF ILLINOIS

503 N COUNTY FARM RD

WHEATON, IL, 60187

(630) 407-8000

Email: saogangs@dupageco.org

File Date : 12/14/2023

JUDGE MARGARET M OCONNELL
Validation ID : DP-12142023-1109-59502

Date : _____ 12/14/2023

```
 1    STATE OF ILLINOIS   )
                          ) SS.
 2    COUNTY OF DU PAGE   )


 3

 4         IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
                      DU PAGE COUNTY, ILLINOIS

 5


 6    THE PEOPLE OF THE          )
      STATE OF ILLINOIS,         )
 7                               )
           Plaintiff,            )
 8                               )
              -vs-               )    No. 20 CF 76
 9                               )
      TIMOTHY JACKSON,           )
10                               )
           Defendant.           )
11

12                    REPORT OF PROCEEDINGS had at the

13    hearing of the above-entitled cause, before the

14    HONORABLE MARGARET O'CONNELL, Judge of said court, on

15    the 14th day of December, 2023.

16    PRESENT:

17         MR. ROBERT B. BERLIN,
           State's Attorney of DuPage County, by
18              MS. KRISTIN SULLIVAN,
                Assistant State's Attorney,
19
                appeared on behalf of The People of the
20              State of Illinois;

21    ALSO PRESENT:

22         MR. WILLIAM WOROBEC
           MR. JEFFREY YORK
23
      Fran Marie Saviano, CSR
24    Official Court Reporter
      CSR 084-002184
```

1      THE CLERK:  39, Timothy Jackson, four cases,

2   inmate.

3      MS. SULLIVAN:  People.  Good morning, your Honor.

4   Kristin Sullivan for the People.

5      THE COURT:  Good morning.

6      MR. WOROBEC:  Good morning, your Honor.

7         Bill Worobec, W-O-R-O-B-E-C.

8         The defendant is present in the custody of

9   the DuPage County Sheriff.

10      THE COURT:  All right.  Good morning.

11      MR. WOROBEC:  Judge, you were kind enough to hold

12   this a week to give me time to speak to the defendant

13   find out what he was looking to do with the case, as

14   well as just to learn about the case.

15         And in this last week I did go to the jail

16   and meet with the defendant for about an hour on

17   Monday.  Today is Thursday.  Monday I met with him.

18         And I have also spoken with the State about

19   the bare facts of the case.  And as I have come to

20   learn now that I know about the case, three of the

21   cases, it's my understanding at least two, if not three

22   are Wheaton Police Department arrests.

23         I believe I have a genuine conflict of

24   interest because I prosecute traffic offenses for the

1   City of Wheaton on Friday afternoons.

2       THE COURT:  All right.  So it's your position that

3   as a conflict attorney that you cannot take any cases

4   that arise from the City of Wheaton?

5       MR. WOROBEC:  I believe so, Judge, yes.

6       THE COURT:  All right.  Well, then I cannot

7   appoint you.  So, all right, so I will not.

8   ───── And so did you file your appearance?  I don't

9   think you did.

10      MR. WOROBEC:  Judge, I didn't.  I was waiting to

11  see how all this shook out.

12      THE COURT:  All right.  All right.  Thank you.

13      MR. WOROBEC:  Thank you, Judge.  I appreciate it.

14      THE COURT:  Mr. York?

15      MR. YORK:  Yes, Judge.

16      THE COURT:  So Mr. Jackson is charged with four

17  offenses.  Mr. Sweeney has advocated very well for him.

18  We did do at one point a Krankel hearing, even though I

19  was not required to do it, because of Mr. Jackson's

20  complaint as it relates to Mr. Sweeney.

21          I attempted to appoint conflict counsel

22  Mr. Worobec, and he had a conflict.

23          So at this point I am looking to your office

24  to build a Chinese wall and appoint a new public

1    defender, a different public defender than Mr. Sweeney.

2         MR. YORK:  My understanding, Judge -- and I am

3    sorry.

4              Jeff York from the Public Defender's Office,

5    for the record.

6              My understanding from Mr. Sweeney is that

7    there is not a conflict with Mr. Sweeney other than

8    maybe a preference of the defendant.  And so --

9         THE COURT:  Well, and I have spoken to Mr. Sweeney

10   about this.  And given the allegations that were made

11   against Mr. Sweeney as it relates to his representation

12   of a pretrial motion, I feel we are that we are setting

13   ourselves up for coming right back.

14             So I am hoping that you can appoint a

15   different public defender and build a Chinese wall so

16   that Mr. Jackson's claim of ineffective assistance as

17   it relates to Mr. Sweeney is no longer an issue.

18        MR. YORK:  Here is my concern.  If your Honor has

19   already found that Mr. Sweeney was not ineffective at a

20   Krankel hearing, then legally he doesn't have a

21   conflict.

22        THE COURT:  I understand the law, Mr. York.

23        MR. YORK:  Sure.

24        THE COURT:  I am just asking, if this is something

1    you can't do, I just need to know that.

2         MR. YORK:  I am not going to do that.

3              In talking with Mr. Sweeney about whether or

4    not there is a conflict with him representing

5    Mr. Jackson or whether he would rather not represent

6    Mr. Jackson, both of those were, I certainly can and I

7    certainly would.

8         THE COURT:  No, I have no doubt as to Mr. Sweeney.

9         MR. YORK:  If there was -- I understand there that

10   has been allegations of ineffective assistance of

11   counsel.

12        THE COURT:  So you are telling me you will not

13   build a Chinese wall and appoint a different public

14   defender?

15        MR. YORK:  Correct.

16        THE COURT:  Okay.

17        MR. YORK:  So I think Mr. Jackson's choices are --

18        THE COURT:  No, no, no.  I get to decide what his

19   choices are.  But you have taken one of my choices away

20   from me because you won't appoint a different public

21   defender.

22        MR. YORK:  Correct.

23        THE COURT:  All right.

24        MR. YORK:  Thank you.

```
 1          THE COURT:  Thank you.

 2              All right.  Mr. Jackson, are you still in the

 3     process of trying to hire private counsel?

 4          THE DEFENDANT:  I wasn't in the process.  With the

 5     whole situation that was going on it was kind of

 6     confusing, so I wasn't aware which way I should have

 7     went in regards to hiring a private attorney or not.

 8              But, I mean, at this point with, you know,

 9     the results of what just happened, I mean, of course,

10     now, yes.

11          THE COURT:  Okay.  How long will it take?

12              I will not appoint Mr. Sweeney again.  I

13     understand the public defender's position.

14              But given the record that we have before us,

15     I am just putting myself in a position where I will be

16     trying your case again, so it's unfortunate that the

17     Public Defender's Office won't do that.  But I will

18     give you time to hire a private lawyer.

19              How much time do you need?

20          THE DEFENDANT:  I need more than a month.  Two,

21     three months.

22          THE COURT:  All right.  Pick a date.

23          THE DEFENDANT:  Can I step closer so I can see?

24          THE COURT:  Oh, sure.
```

```
 1              THE DEFENDANT:  Can I have towards the end of
 2      February some time?
 3              THE COURT:  Sure.  How about February 29th?
 4              THE DEFENDANT:  That is perfect.  Thank you.
 5              THE COURT:  Okay.  We will see you on that date.
 6              MS. SULLIVAN:  I apologize, your Honor.
 7                  One issue is that the defendant's petition to
 8      be heard under the Safety Act --
 9              THE COURT:  He withdrew it.  It was never filed.
10              MS. SULLIVAN:  It is filed now.
11              THE COURT:  And he had said before that he was
12      withdrawing it.
13              MS. SULLIVAN:  But on a date after he said that it
14      has now been filed.
15              THE COURT:  All right.  Do you want to be heard on
16      your petitions?
17              THE DEFENDANT:  No, I don't.
18              THE COURT:  Okay.  Are you withdrawing them?
19              THE DEFENDANT:  Yes.
20              THE COURT:  All right.
21              MS. SULLIVAN:  And in response to that I withdraw
22      my petition to detain.
23              THE COURT:  And I will strike those.
24              MS. SULLIVAN:  Thank you.
```

1      THE COURT:  Okay.  What were you going to say?

2      THE DEFENDANT:  I was going to say I was aware

3  those were withdrawn on the 27th.

4      THE COURT:  Okay.  All right.  So there are no

5  pending petitions?

6      THE DEFENDANT:  No, there is not.

7      THE COURT:  Okay.  All right.  I will see you

8  February 29th.

9      THE DEFENDANT:  All right.

10      MS. SULLIVAN:  Thank you, your Honor.

11      THE COURT:  Thank you.

12                    (Whereupon, which were all the

13                     proceedings had in this cause on

14                     this date.)

15

16

17

18

19

20

21

22

23

24

```
1        IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
2                    DU PAGE COUNTY, ILLINOIS
3
4
5          I, FRAN MARIE SAVIANO, hereby certify that I
6    reported machine shorthand the proceedings had at the
7    hearing of the above-entitled cause, and that the
8    foregoing Report of Proceedings, consisting of Pages 1
9    to 9, inclusive, is a true, correct, and complete
10   transcript of my shorthand notes so taken at the time
11   and place hereinabove set forth.
12
13
14
15
16                    Fran M. Saviano, CSR
                      Official Court Reporter
17                    18th Judicial Circuit of Illinois
                      DuPage County
18                    CSR License No. 084-002184
19
20
21
22
23
24
```



CRIMINAL ORDER

2020CF000076-827

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

PEOPLE OF THE STATE OF ILLINOIS

VS

TIMOTHY JACKSON

2020CF000076

CASE NUMBER

**FILED**

24 Jan 09   AM 11: 19

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

File Stamp Here

**ORDER**

This cause coming before the Court; the Court being fully advised in the premises, and having jurisdiction of the subject matter:

**IT IS ORDERED,** based on the   DEFENDANT'S   motion:

DEFENDANT PRESENT IN OPEN COURT IN CUSTODY.  PUBLIC DEFENDER APPOINTED; CASE
CONTINUED FOR PUBLIC DEFENDER TO DETERMINE WHEATER TO ADOPT DEFENDANT'S FILINGS.

CASE IS CONTINUED TO 01/18/2024 AT 09:30 AM IN COURTROOM 4010 FOR STATUS

Submitted by: DENIS CAHILL

DuPage Attorney Number 50186

Attorney for PEOPLE OF THE STATE OF ILLINOIS

503 N COUNTY FARM RD

WHEATON, IL, 60187

File Date : 01/09/2024

JUDGE MARGARET M OCONNELL
Validation ID : DP-01092024-1119-12156

Date : _____ 01/09/2024

```
 1        IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
                     DU PAGE COUNTY, ILLINOIS
 2

 3
         THE PEOPLE OF THE          )
 4       STATE OF ILLINOIS,         )
                                    )
 5            Plaintiff,            )
                                    )   No. 20 CF 76
 6            -vs-                  )
                                    )
 7       TIMOTHY JACKSON,           )
                                    )
 8            Defendant.            )

 9

10            REPORT OF PROCEEDINGS had at the HEARING of

11   the above-entitled cause, before the HONORABLE MARGARET

12   O'CONNELL, on the 9th day of JANUARY A.D., 2024.

13   PRESENT:

14        MR. ROBERT B. BERLIN,
          State's Attorney of DuPage County, by
15             MS. KRISTIN SULLIVAN AND MR. DENIS CAHILL,
               Assistant State's Attorneys,
16
               appeared on behalf of The People of the
17             State of Illinois;

18        MR. MICHAEL SWEENEY AND MR. ED LAUBE,

19             appeared on behalf of the Defendant.

20

21

22

23   Trina M. De La Cerda, CSR
     Official Court Reporter
24   CSR 084-003968
```

1        THE CLERK:   Timothy Jackson.

2        MS. SULLIVAN:  Kristin Sullivan on behalf of the

3   People.

4        THE COURT:   Good morning, Mr. Jackson.

5        DEFENDANT JACKSON:  Good morning.

6        THE COURT:   On December 26th you filed I think a

7   motion for each case requesting to open the conditions

8   of pretrial release.

9        DEFENDANT JACKSON:  Yes, ma'am, monetary bail.

:18PM  10       THE COURT:   So I am going to appoint the public

11   defender, and I'm going to have the public defender

12   review your documents to ensure that they are complete.

13   And then if he adopts them, then the state will do what

14   they -- if they wish to file something, and then we'll

15   set it down for hearing.  But I'm going to give him

16   time.  How much time do you need?

17       DEFENDANT JACKSON:  I didn't want a public

18   defender.

19       THE COURT:   Okay.  Well, I'm giving you the public

18PM  20   defender.  You're going to have the public defender's

21   office.

22            I'll strike the date of 2-29.

23            Mr. Sweeney.

24       MR. SWEENEY:  Judge, could we pass this

1    momentarily so I could have a conversation with Mr.

2    Jackson based on what he just said?

3         THE COURT:  Mr. Jackson, do you want to proceed

4    pro se?

5         DEFENDANT JACKSON: Yes, ma'am, on my motion.

6         THE COURT:  No, no, no, no.  We have to start this

7    case moving.  Do you want to be your own attorney for

8    the entirety of this case?

9         DEFENDANT JACKSON: I filed a pro se motion.

10        THE COURT:  I understand that, but you need a

11   lawyer.  Okay.  So I'm going to appoint the public

12   defender's office.

13        DEFENDANT JACKSON: I object to that.

14        THE COURT:  You don't have any other lawyer.

15        DEFENDANT JACKSON: You already stated that there

16   was a conflict of interest.

17        THE COURT:  No.  I said that there wasn't.

18        DEFENDANT JACKSON: You said there was.

19        THE COURT:  I said there was no conflict of

20   interest.  You said there was a conflict of interest.

21        DEFENDANT JACKSON: Respectfully, your Honor, you

22   said there was a conflict of interest.  You brought in

23   Bill Worobec.

24        THE COURT:  He is a conflict attorney.

1    DEFENDANT JACKSON: Yes, ma'am.

2    THE COURT:  But Bill Worobec can't represent you

3    either, so we're going to go back to the public

4    defender's office.

5    DEFENDANT JACKSON: You brought in Bill Worobec.

6    You found that there was a conflict of interest.

7    THE COURT:  I did the Krankel hearing.  I found

8    that there were no hearings that occurred.  There was

9    no conflict.  And there was no -- the second prong of

:20PM 10   Krankel as well.  So there is nothing wrong with the

11   public defender's office coming in to represent you.

12   DEFENDANT JACKSON: I object to that.

13   THE COURT:  So what do you want me to do?

14   DEFENDANT JACKSON: I want to have a hearing.  I

15   want a motion today.  You found that there was a

16   conflict of interest with Mr. Sweeney.

17   THE COURT:  I did not.

18   DEFENDANT JACKSON: You brought in Mr. Worobec.

19   THE COURT:  No.  He is our conflict attorney, but

:20PM 20   he cannot represent you.  So that means that the public

21   defender's office will represent you.

22   DEFENDANT JACKSON: Jeff York came in and said he

23   would not appoint representation because you had

24   already found that there was a conflict of interest.

1    THE COURT:  He did not say that he'll appoint

2  representation for you.

3    DEFENDANT JACKSON: I disagree with that and I

4  object to that.

5    THE COURT:  Do you want to proceed pro se?

6    DEFENDANT JACKSON: I would like to have a hearing

7  on my motion today that was filed on December 26th to

8  remove monetary bail.

9    THE COURT:  I understand that.

:21PM 10    DEFENDANT JACKSON: I'm entitled to the hearing

11  under 7.5 B.  I'm entitled to that, your Honor.

12    THE COURT:  You want to do that by yourself?

13    DEFENDANT JACKSON: Respectfully, you was going to

14  let me proceed on the motion prior.

15    THE COURT:  No, I wasn't.

16    DEFENDANT JACKSON: On November 22nd.

17    THE COURT:  No.

18    DEFENDANT JACKSON: Yes, ma'am.

19    THE COURT:  You have to have a lawyer.  You have

:21PM 20  four very serious cases.

21    DEFENDANT JACKSON: I understand that.

22    THE COURT:  You never -- on November 22nd you said

23  you told me that you never really did file your motions

24  and, therefore, I struck them.  But we had played

1    around with this game from November 20th, going back to
2    November 20th.
3         DEFENDANT JACKSON: November 20th, your Honor, you
4    proceeded with my pretrial release.
5         THE COURT:  I did not.  I did not.  That is not
6    true, Mr. Jackson.  You're making things up, so I'm
7    appointing the public defender's office.
8         DEFENDANT JACKSON: Excuse me.  So you're stating
9    that you did not proceed on the state's petition to
:22PM 10  deny pretrial release on the 20th of November?
11        THE COURT:  I did not.  I'm sorry that you're
12   confused, Mr. Jackson.  I'm going to appoint the public
13   defender.
14        DEFENDANT JACKSON: Your Honor, I don't want the
15   public defender.
16        THE COURT:  You're going to talk with the public
17   defender.
18        DEFENDANT JACKSON: Can we pass the case for a
19   couple minutes?
:22PM 20       THE COURT:  You're going to talk to him, yeah.
21                              (Whereupon the case was
22                               passed and recalled.)
23        THE CLERK:  Timothy Jackson.
24        MR. SWEENEY:  Jackson.

1    MS. SULLIVAN: Kristin Sullivan and Denis Cahill

2    for the people.

3    MR. SWEENEY: Michael Sweeney and Ed Laube for Mr.

4    Jackson who is present in open court.

5    Thank you for passing this matter.

6    THE COURT: Yes.

7    MR. SWEENEY: I believe Mr. Jackson wishes to

8    address the Court.

9    DEFENDANT JACKSON: I do not want to have the

:55PM 10    public defender's office appointed on my behalf, your

11    Honor.

12    THE COURT: All right. I'm going to appoint the

13    public defender's office.

14    DEFENDANT JACKSON: Your Honor, I object to that.

15    THE COURT: I understand your objection, Mr.

16    Jackson. We've been down this road a couple of times.

17    And so I'm going to give Mr. Sweeney and Mr. Laube an

18    opportunity to review the pleadings that you filed on

19    December 26th.

:56PM 20    And how long will you need to review those in

21    order to determine if you're going to adopt them?

22    MR. SWEENEY: Judge, I would be asking for seven

23    days based on the Court's schedule -- actually, no

24    could we go to --

1      MS. SULLIVAN: I did cause to be filed a verified

2  petition again on both of the two cases response to the

3  defendant's request to review bail on the new statute.

4      THE COURT: All right.

5      DEFENDANT JACKSON: I object to that.

6      THE COURT: I understand. You object to

7  everything. I get it.

8        Mr. Sweeney, what date do you want in order

9  to tell me whether or not you're going to adopt that so

10  I can set it for hearing?

11      MR. SWEENEY: Yes. January 18th.

12      THE COURT: We'll see everybody back here on

13  January 18th at 9:30.

14      MR. SWEENEY: As far as appointment goes.

15      DEFENDANT JACKSON: I would like to be on the

16  record that I object to these proceedings today. I had

17  told Judge O'Connell that I did not want the public

18  defender. She said there was a conflict of interest.

19      THE COURT: I did not find there was.

20      DEFENDANT JACKSON: She appointed Mr. Worobec on --

21      THE COURT: Don't interrupt me.

22      MS. SULLIVAN: Thank you, judge.

23

24

```
1          IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
2                      DU PAGE COUNTY, ILLINOIS
3
4
5          I, TRINA M. DE LA CERDA, do hereby certify
6   that the foregoing Report of Proceedings, consisting of
7   Pages 1 to 8, inclusive, was reported in shorthand by
8   me, and the said Report of Proceedings is a true,
9   correct and complete transcript of my shorthand notes
10  so taken at the time and place hereinabove set forth.
11
12
13
14  _____
15               Official Court Reporter
          Eighteenth Judicial Circuit of Illinois
16                    DuPage County
            C.S.R. License No. 084-003968
17
18
19
20
21
22
23
24
```



Timothy Jackson 2362249
cedea 501 N county farm rd
Wheaton IL 60187

THIS CORRESPONDENCE
WAS SENT FROM
CORRECTIONAL FACILITY

03/29/2024-32

United States District court clerk
219 S. Dearborn Street
Chicago IL 60604

RECEIVED

MAR 29 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT